**In Re Anonymous No. 66 D.B. 82**

Disciplinary Board Docket No. 66 D.B. 82.

To The Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania

McDONNELL, *Chairman,* August 24, 1983— Pursuant to Rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania (board) herewith submits its findings and recommendations to your honorable court with respect to the above petition for discipline.

## I. HISTORY OF PROCEEDINGS

The within petition for discipline was filed on October 22, 1982 against [Respondent], with respect to respondent's failure to file a brief on behalf of his client, [A] (a defendant in a criminal proceeding), after having filed an appeal on behlf of said client in the Superor Court of Pennsylvania.

The petition for discipline alleged that respondent had violated the following Disciplinary Rules of the Code of Professional Responsibility:

A. D.R. 1-102(A)(5), which prohibits an attorney from engaging in conduct that is prejudicial to the administration of justice;

B. D.R. 1-102(A)(6), which prohibits an attorney from engaging in other conduct which adversely reflects on fitness to practice law;

C. D.R. 6-101(A)(3), which prohibits an attorney from neglecting a legal matter entrusted to him;

D. D.R. 7-101(A)(1), which prohibits an attorney from intentionally failing to seek the lawful objectives of a client through reasonably available means permitted by law and Disciplinary Rules;

E. D.R. 7-101(A)(2), which prohibits an attorney from intentionally failing to carry out a contract of

employment entered into with a client for professional services; and

F. D.R. 7-106(C)(7), which prohibits an attorney from intentionally or habitually violating an established rule of procedure or evidence.

Hearing Committee [ ] was assigned to hear these charges and, upon due notice to all parties, hearings were conducted on January 7, 1983 and January 13, 1983.

On April 28, 1983, hearing committee [ ] filed its report, in which it found respondent's conduct involved a violation of D.R. 6-101(A)(3) only. Based upon such violation, hearing committee [ ] recommended that respondent receive a public censure from the Supreme Court of Pennsylvania.

No exceptions were filed to the findings or recommendation of hearing committee [ ] by either petitioner, Office of the Disciplinary Counsel, or respondent.

Accordingly, this board, after an independent consideration of this matter, adopts the following findings of fact and conclusion of law of hearing committee [ ].

## II. FINDINGS OF FACT

1. Respondent is an attorney admitted to the practice of law in the Commonwealth of Pennsylvania (respondent's answer to petition, paragraph no. 2).

2. Respondent was retained to defend [A] in a felony matter in the Court of Common Pleas of [ ] County.

3. Defendant [A] was convicted on several counts and sentenced on May 12, 1981.

4. Respondent failed to file a timely Notice of

Appeal, but did file a notice nunc pro tunc on June 3, 1981.

5. That appeal was captioned Commonwealth v. [A], No. 1428, [ ] term 1981. (Respondent's answer to petition, paragraph no. 7.)

6. The record from the trial court was filed with the Superior Court on November 17, 1981. (Respondent's answer to petition, paragraph no. 8.)

7. Respondent's appellate brief in this matter was due to be filed by December 27, 1981. (Respondent's answer to petition, paragraph no. 9.)

8. By letter dated November 17, 1981, the prothonotary of the Superior Court informed respondent that his brief was due to be filled by December 27, 1981. (Respondent's answer to petition, paragraph no. 10.)

9. By letter dated January 21, 1982, the prothonotary of the Superior Court informed respondent that his brief was due and directed him to file a brief or file a petition for extension of time by February 4, 1982, or face the placement of his appeal on a non pros list and referral to the Disciplinary Board.

10. By letter dated February 11, 1982, respondent informed the prothonotary of the Superior Court that he would file a petition for extension of time, which petition would contain an explanation for the delay in filing.

11. Respondent never filed a petition for extension of time.

12. Respondent never filed a brief on behalf of his client, defendant [A].

13. Respondent directed no further correspondence to the Superior Court or its prothonotary.

14. By order of May 14, 1982, the Superior Court remanded defendant's case to the trial court for appointment of new counsel and further referred respondent's name to the Disciplinary Board.

15. Respondent, before and at the time of defendant's trial, was associated with and shared offices with [B], Esq.

16. Due to [B's] suspension from the practice of law at the time of defendant's trial, respondent represented defendant (who originally retained [B]) at trial.

17. In early August, 1981, defendant directed respondent to deliver his file to [B] for Post Trial matters, [B] being no longer under suspension at that time.

18. Respondent discussed the matter with [B] and ascertained that he [B] would not resume representation of defendant [A].

19. Respondent did not find substitute counsel for defendant [A].

20. Respondent orally informed defendant's brother of [B's] refusal to resume defendant [A's] representation.

21. Neither defendant nor his brother were informed in writing of [B's] refusal in that regard, or of the time constraints involved in filing a timely brief, or of respondent's inaction.

22. On August 18, 1981, respondent indicated in writing to defendant [A] that the appellate brief would be written and filed when the notes of testimony were transcribed and received.

23. On March 27, 1981, respondent received an informal admonition for violations of Disciplinary Rules 6-101(A)(3) and 7-101(A)(1), (2) and (3) for neglect of a civil matter in the summer and fall of 1980 which resulted in his clients' loss of their home on mortgage foreclosure.

24. On February 10, 1981, respondent received an informal admonition for violations of Disciplinary Rules 6-101(A)(3) and 7-101(A)(1), (2) and (3) for neglect of a criminal matter in 1975 which re-

sulted in dismissal for non pros of an appeal of his client's criminal conviction.

25. On December 16, 1980, respondent received an informal admonition for violations of Disciplinary Rules 6-101(A)(3) and 7-101 (A)(1), (2) and (3) for neglect of a civil matter in 1975 through 1980 which resulted in a statute of limitations ban against his client's claim.

26. On November 13, 1980, respondent received an informal admonition for violations of Disciplinary Rules 6-101(A)(3); 7-101(A)(1), (2) and (3); and 2-106(A) for neglect of a civil matter in 1978 which resulted in a judgment in trespass and damages being entered against his clients.

27. On February 12, 1980, respondent received an informal admonition for violations of Disciplinary Rules 6-101(A)(3) and 1-101(A)(5) and (6) for neglect of a criminal matter in 1977 through 1979 which involved failure to file an appellate brief and failure to appear as directed to the office of the Chief Justice of the Pennsylvania Supreme Court.

28. On April 26, 1979, respondent received an informal admonition for violations of Disciplinary Rules 6-101(A)(3) and 7-101(A)(1), and 7-101(A)(2) and (3) for failure in 1978 to proceed as required in a criminal PCHA matter.

29. On January 19, 1979, respondent received an informal admonition for violation of D.R. 6-101(A)(3) for neglect of a civil matter in 1972 through 1976 which resulted in a judgment against and suspension of the driver's license of his client.

30. On January 19, 1977, respondent received an informal admonition for violations of Disciplinary Rules 6-101(A)(3) and 7-101(A) for failure in 1976 to proceed with a criminal appeal which resulted in non pros of his client's appeal.

31. With respect to the informal admonition de-

scribed in paragraph no. 27, infra, respondent arranged to file a late brief with the Pennsylvania Supreme Court and successfully pursued the appeal.

32. Respondent admits to having carried a greater caseload than he could manage in the past, which has been the cause of his disciplinary transgressions.

33. As of November, 1982, respondent ceased to take new cases for legal representation.

34. Respondent has, until recently, been troubled by personal family problems.

35. Respondent did not have access to a large number of his files for at least three months due to his failure to move them to his current office.

36. Respondent's conduct in this matter did not involve fraud or dishonesty.

37. Respondent does not suffer from any physical or mental illness or drug or alcohol abuse.

38. Respondent is a competent trial attorney, whose previous transgressions in the disciplinary system have been occasioned by his having had a greater caseload than he could manage, and not because of any deficiencies as a practicing attorney.

39. Respondent has recently made arrangements to further reduce his legal workload by directing work to two young attorneys.

## III. CONCLUSION OF LAW

Respondent has violated D.R. 6-101(A)(3), by "neglecting a legal matter entrusted to him" in that he failed to file an appellate brief with the Superior Court of Pennsylvania on behalf of his client, defendant [A].

## IV. DISCUSSION

Respondent's client, [A], was sentenced to a term of imprisonment by the [ ] Court of Common Pleas for rape and related charges. Respondent filed a nunc pro tunc Notice of Appeal with the Superior Court on June 3, 1981 (Commonwealth v. [A], no. 1428, [ ] term, 1981). On November 17, 1981, the trial record was lodged with the Superior Court. Respondent was notified of this fact and the further fact that his brief was due on December 27, 1981. By January 21, 1982, no brief having been filed, the prothonotary of the Superior Court informed respondent that his brief was overdue and that he must file a petition for extension of time by February 4, 1982, or the matter would be placed on a non pros list. On February 11, 1982, respondent wrote to the prothonotary of the Superior Court of Pennsylvania, stating that he would file for a petition for extension of time and provide an explanation for the delayed filing. Neither such a petition nor an appellate brief had been filed by May 4, 1982 by respondent, at which time defendant [A's] case was remanded to the court of common pleas for appointment of new counsel.

Respondent did not contradict the evidence described above at the hearings in this matter. Additionally, it was established that in July and August of 1981, defendant wrote to respondent, discharging him and directing him to transfer the file to another named attorney. This attorney, defendant's original attorney, an associate of respondent's, had been suspended from the practice of law and reinstated by the time that defendant directed respondent to return the case to that attorney. The original attorney refused to resume representation of defendant [A]. Respondent's file contains no

documentation, but he recalled informing defendant's brother (but not defendant) that the original attorney declined to represent defendant on appeal. Respondent did not attempt to formally withdraw from the case or to ensure that some other attorney would handle the appeal, and his correspondence to defendant on August 18, 1981 indicates that respondent intended to file the required appellate brief with the Superior Court of Pennsylvania. There is no evidence that respondent ever believed that another attorney had relieved him of the representation of [A] in this case.

The evidence as a whole indicates that respondent, through neglect, failed to carry out his responsibilities in the manner of [A's] appeal. This board agrees with such evidence and finds that respondent neglected the legal matter entrusted to him by defendant, [A].

Accordingly, the recommendation of hearing committee [ ] is accepted and adopted by this board, which recommends the imposition of a public censure upon respondent by the Supreme Court of Pennsylvania.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania accepts the recommendation of hearing committee [ ] that respondent receive a public censure by the Supreme Court of Pennsylvania and hereby recommends such a disposition in this matter to the Supreme Court of Pennsylvania, and that the costs are to be paid by respondent.

## ORDER

And now, August 24, 1983, the report and recommendation of hearing committee [ ] dated June

30, 1983 is accepted; and it is ordered and decreed, that the said [Respondent] of [ ] County, be subjected to private reprimand by the Disciplinary Board of the Supreme Court of Pennsylvania as provided in Rule 204(5) of the Pennsylvania Rules of Disciplinary Enforcement at the next session of this board. Costs are to be paid by respondent.

## ORDER

ROBERTS, *C.J.*, And now, August 15, 1983, the recommendation of the Disciplinary Board dated July 22, 1983, is accepted, and it is hereby ordered that [Respondent] be subjected to public censure by the Supreme Court of Pennsylvania at the session of court commencing October 17, 1983, in Philadelphia. It is further ordered that respondent shall pay costs, if any, to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.